## State *vs.* Alfred M. Powell.

*Criminal Law—Using Female Child for Purpose of Sexual Inter-
course—What Necessary for State to Prove—Statute—
Reasonable  Doubt.*

1.   In a trial for using a female child for the purpose of sexual inter-
course, two essential elements necessary to constitute the offense charged
are,—(1) that the prosecuting witness was, at the time it is alleged the
accused had sexual intercourse with her, under eighteen years of age; (2)
that the accused did, in fact, have sexual intercourse with the prosecuting
witness at some date or some time within two years before the finding of
the  indictment.

(*April  2,  1905.*)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*Robert  H.  Richards*, Attorney-General,  and  *Daniel  O.
Hastings*, Deputy Attorney-General, for the State.

*Richard R. Kenney* and *A. B. Magee* for defendant.

Court of General Sessions, Kent County, April Term, 1905.

INDICTMENT FOR USING A FEMALE CHILD FOR THE PURPOSE OF SEXUAL INTERCOURSE. This was a second trial; the jury disagreeing at the first trial held at the October Term, 1904.

BOYCE, J,. charging the jury:

Gentlemen of the jury:—Alfred M. Powell, the accused, is charged in the indictment with both taking and using Willie G. Ford, on the fourth day of February, 1904, for the purpose of sexual intercourse, she being then, it is alleged, under the age of eighteen years.

The indictment was found under *Chapter* 686, *Volume* 18, *Laws of Delaware, Revised Code* 958, which provides that "Whoever takes, receives, employs, harbors or uses or causes or procures to be taken, received, employed, harbored or used a male or female under the age of eighteen years, for the purpose of sexual intercourse, shall be deemed guilty of a misdemeanor," etc.

An accused, under our law, is clothed with the presumption of innocence, and in order to find a verdict of guilty in this case, it is necessary that the State should prove to your satisfaction, beyond a reasonable doubt, two essential elements necessary to constitute the offense charged; *first*, that the said Willie G. Ford, was, at the time it is alleged the accused had sexual intercourse with her, under eighteen years of age; *second*, that the accused did, in fact, have sexual intercourse with her in Kent County at some date or time within two years before the finding of the indictment which for your information, we will say, was found at the October Term last of this Court.

It is your duty to consider and determine this case solely from the evidence which has been detailed to you by the witnesses under oath. You are the exclusive judges of the credit of the witnesses and of the weight and value of their testimony, and you should consider the evidence carefully and conscientiously and render your verdict in accordance therewith.

If you shall entertain a reasonable doubt as to the sufficiency of the evidence to establish all of the essential elements of the

offense charged, such a doubt should inure to the acquittal of the accused.

By a reasonable doubt is not meant a vague, speculative, whimsical or merely possible doubt, but such a doubt as intelligent, reasonable and impartial men under the sanction of their oaths may honestly entertain after a careful examination and conscientious consideration of all the evidence in the case.

Where there is conflict of testimony you must reconcile it, if you can.   If you cannot, then you may reject so much thereof as you deem less trustworthy, and accept that portion which you consider the more worthy of belief.

If after a careful examination and consideration of all the evidence submitted on both sides in this case, you shall be satisfied beyond a reasonable doubt that the accused is guilty,  your verdict should be that he is guilty, otherwise it should be not guilty.   And we may : dd, gentlemen, that you should endeavor to reach a verdict in this case.

The jury disagreed, and the State entered a *nolle prosequi.*